UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 17-CV-23608-SCOLA/TORRES

JORGE ZEPEDA,

    Plaintiffs,

v.

SFILATINO LLC, *et al.*,

    Defendants.
_____/

# REPORT AND RECOMMENDATION ON PLAINTIFFS' MOTION FOR ATTORNEY'S FEES

This matter is before the Court on Plaintiff's Motion for Attorneys' Fees, filed on February 13, 2018. [D.E. 27].[1] Defendants responded in opposition to the Motion on February 27, 2018 [D.E. 28], and Plaintiff's Reply followed on March 6. [D.E. 30]. After reviewing the parties' briefing materials, the exhibits attached thereto, and the relevant authorities governing the dispute, we hereby **RECOMMEND** that Plaintiff's Motion should be **GRANTED in part** and **DENIED in part**.

## I. BACKGROUND

Plaintiff filed this suit on October 2, 2017, alleging that Defendant violated the minimum wage and overtime provisions of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). [D.E. 1]. Defendants received service of process and a copy of

---

[1] The Honorable Judge Robert N. Scola referred the Motion to the undersigned on March 1, 2018. [D.E. 29].

the Complaint on October 18, 2018. [D.E. 7, 8]. Defendants then immediately began attempts to "settle [the] case as quickly and efficiently as possible." [D.E. 28, p. 2]. To that end, Defendants provided an offer of settlement to Plaintiffs in the amount of $2,500 on October 19, 2017, one day after being served with process.[2] Plaintiff rejected that offer. *Id*.

On November 7, 2017, Defendants increased the settlement offer to $6,000, which would include Plaintiff's actual and liquidated damages, in addition to attorneys' fees and costs. [D.E. 28, p. 16]. Plaintiff rejected the second offer, with his attorneys indicating a willingness to conduct discovery before revisiting settlement. *Id*., p. 3. Defendants, pursuant to Rule 68 of the Federal Rules of Civil Procedure, served Plaintiff with an Offer of Judgment in the amount of $2,523.00 on November 20, 2017, which Plaintiff accepted on December 1. [D.E. 18, 27].

Plaintiff now asks that his attorneys be awarded $8,540 in fees for the work performed in this case. [D.E. 27]. The requested fee would include the following: (1) 11.8 hours of work, billed at a rate of $400 per hour by R. Martin Saenz, Esq.; (2) 10.0

---

[2] Plaintiff urges us to strike Defendant's Response to the Fees Motion because "settlement discussions between counsel are protected communications pursuant to Federal Rule of Civil Procedure 408." [D.E. 30, p. 3]. Such a broad assertion, however, is based on Plaintiff's incomplete reading of that Rule, which specifically states that a court "may admit this evidence for another purpose." *See* Fed. R. Evid. 408(b). A permissible purpose under the Rule allows a party to provide details of settlement negotiations in order to assist a court in determining the appropriate amount of any attorney's fee award. *See Lohman v. Duryea Borough*, 574 F.3d 163, 167 (3d Cir. 2009) ("Rule 408 does not bar a court's consideration of settlement negotiations in its analysis of what constitutes a reasonable fee award in a particular case.") Thus, Rule 408 is inapplicable and the settlement negotiations will be considered.

hours of work, billed at a rate of $300 per hour by Vanessa Steelman, Esq.; (2) 1.9 hours of work, billed at a rate of $400 per hour by Ilona Anderson, Esq.; and (4) 0.8 hours of work, billed at a rate of $75 per hour by Ursula Lanfranco. [D.E. 27, p. 13].

## II.   ANALYSIS

The FLSA allows for the recovery of attorneys' fees and costs for prevailing plaintiffs. 29 U.S.C. § 216(b). Such an award is left to the sound discretion of the district court. *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988); *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541 (11th Cir. 1985).[3] The party moving for an award of attorneys' fees bears the burden in establishing its entitlement to those fees. *Id.*; *see also Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994). "The Court…is itself an expert on the question [of attorneys' fees] and may consider its own knowledge and experience concerning reasonable and proper fees." *Norman*, 836 F.2d at 1303 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)).

Our Circuit has adopted the "lodestar" method for determining whether a requested fee award can be considered reasonable. *Norman*, 836 F.2d at 1299. The lodestar approach requires the court to multiply the court's determination of a reasonable hourly rate with the number of hours reasonably expended on the litigation. *Id.* With this in mind, we now turn to Plaintiff's Motion.

---

[3] The case law construing what is deemed a reasonable fee applies uniformly to all federal fee-shifting statutes. *City of Burlington v. Dague*, 505 U.S. 557 (1992).

### *1.     Reasonable Fee*

A reasonable hourly rate is the prevailing market rate in the relevant legal community "for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Id.* at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 (1984)). The applicant bears the burden of producing evidence that the requested rate is in line with prevailing market rates, *NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987), and such evidence, at a minimum, "is more than the affidavit of the attorney performing the work." *Norman*, 836 F.2d at 1299.

We find that the rates for Mr. Saenz and Ms. Anderson to be reasonable. Mr. Saenz submitted evidence that the pair routinely handle labor and employment cases, have done so for many years, and regularly charge clients $400 per hour for their services. [D.E. 27-2, ¶¶ 6, 14]. Given the foregoing, we find that a reasonable hourly rate for Mr. Saenz and Ms. Anderson to be $400 per hour. *See Valley v. Ocean Sky Limo*, 82 F. Supp. 3d 1321, 1328 (S.D. Fla. 2015) (finding $400 rate for attorney reasonable); *Eason v. Bridgewater & Assoc., Inc.*, 108 F. Supp. 3d 1358, 1366 (N.D. Ga. 2015) (proposed hourly rate of $400 per hour for partner was reasonable for purposes of awarding attorney's fees to FLSA prevailing plaintiffs); *CC-Aventura, Inc. v. Weitz Co.*, 2008 WL 276057 (S.D. Fla. Jan. 31, 2008) (attorney practicing for eight years could recover $400 per hour).

We decline, however, to base our award on Ms. Steelman's requested rate of $300 per hour. As an initial matter, Plaintiff provided very little detail to support his claim that the hourly rate sought by Ms. Steelman is reasonable. *See Norman*, 86

4

F.2d at 1301. Additionally, we cannot merely rely on a self-serving affidavit that states that such a fee is reasonable. *Id*. at 1299. Aside from counsel's own opinions, Plaintiff offers no other evidence demonstrating whether Ms. Steelman's requested rates can be considered reasonable, and we can make no such finding here.

In our view, $300 per hour for a fourth-year associate is too much. [D.E. 27-2, ¶ 14]. There is no indication that Ms. Steelman specializes in this kind of law, has tried previous cases in the labor and employment field, or is otherwise deserving of such a fee. *See NAACP*, 812 F.2d at 1337. Based on our experience, the Court finds that Steelman's fee should be reduced to $200 per hour, which is a more reasonable figure in light of her experience and based on the record before us. *See Norman*, 836 F.2d at 1303.[4] *See Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 3d 1302, 1307 (S.D. Fla. 2009) (finding a reasonable fee for various associates to range from $135 - $250).

### *2. Hours Reasonably Expended*

"The next step in the computation of the lodestar is the ascertainment of reasonable hours." *Norman*, 836 F.2d at 1299. Excessive, redundant or otherwise unnecessary hours should be excluded from an attorneys' fee request, as such hours would be unreasonable to bill a client – and therefore to one's adversary – "irrespective of the skill, reputation or experience of counsel." *Id*. at 1301 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "[E]xclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court."

---

[4] We also deem reasonable the paralegal's billable rate of $75 per hour.

*Norman*, 836 F.2d at 1301.

The undersigned has conducted a thorough review of the billing records attached to Plaintiff's Motion. In our view, and upon a closer examination of the entries included in the billing file, it becomes abundantly clear that certain fees included in Plaintiff's Motion are excessive and unnecessary. *Norman*, 836 F.2d at 1301. This is made evident when comparing the amount billed to the file before, during, and after the parties' settlement discussions and immediately following Defendant's Rule 68 offer of judgment.

On November 7, 2017, Defendant offered to settle the matter for $6,000. At that point in time, Plaintiff's counsel had billed approximately $3,542.50 to the file. From the date Defendant made the $6,000 settlement offer until the day Defendant made its Rule 68 offer of judgment – a period of thirteen (13) days – Plaintiff's attorneys billed a mere 0.9 additional hours to the file. After Plaintiff made the offer of judgment on November 20, however, billing on the file increased at an excessive rate. For the next eleven days – until Plaintiff decided to accept the offer of judgment on December 1 – Plaintiff's attorneys churned 10.8 hours on the file, adding $4,022.50 to the final bill.

The descriptions of the work performed during this eleven-day period raises immediate doubts as to the validity of the tasks undertaken. In one galling example, Mr. Saenz billed 2.1 hours to his client (after his office received the offer of judgment) to prepare a draft of jury instructions, despite the fact that trial was not set to take

place for another eight months.[5] [D.E. 23-1, p. 3]. Other baffling entries include time spent on "trial strategy and objections," (1.6 hours), research into a potential motion for sanctions (1.9 hours), and preparation of a "discovery package" that was deemed unnecessary upon the client's acceptance of the offer of judgment just a few days later. *Id*. The timing of the entries is even more troubling because all of this work occurred before counsel even bothered to discuss the offer of judgment with Mr. Zepeda. In fact, counsel waited *nine days* to explain the effect of the offer of judgment – all the while billing the file on needless tasks – and Zepeda accepted the offer within two days of the initial conversation. *Id*.

A plain reading of these entries might not otherwise raise a court's suspicions. But when one places the entries into the context of what was occurring in the case at the time the work was performed, it becomes apparent that these hours were unnecessary, excessive, and nothing more than an attempt to inflate the value of a potential fee award. *See Norman*, 836 F.2d at 1301. We will not condone such an abuse of the FLSA's prevailing party's provisions. As such, the hours billed to the file between November 25 and December 1, 2017 should be excluded. *See ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) ("If fee applicants do not exercise billing judgment, courts are obligated to do it for them, to cut the amount of hours for which payment is sought, pruning out those that are 'excessive, redundant or otherwise unnecessary.' "). The additional hours billed by Plaintiff's attorneys during this time

---

[5]   The trial had not been scheduled at the time this work took place, but was set for July 23, 2018 shortly thereafter. [D.E. 17].

period – 9.1 hours by Saenz and 0.3 hours by Lanfranco – will not be part of the award. *Id*. at 432.

We will, however, allow for recovery of the fees associated with work performed after December 1, 2017, as we have reviewed those records and find that they are not excessive or unreasonable. We will also allow Plaintiff to recover the time spent preparing and briefing the materials in support of its Motion for Attorneys' Fees. *See Thompson v. Pharmacy Corp. of America, Inc.*, 334 F.3d 1242, 1245 (11th Cir. 2003) (finding that fees incurred to recover attorneys' fees are compensable time if reasonably expended).

### 3. *Lodestar Adjustment*

Based on the foregoing analysis of the appropriate hourly rate and the number of hours expended, the Court's gross lodestar calculation is an award of $4,197.50, broken down as follows: (1) 3.5 hours at $400 per hour for attorney Saenz, totaling $1,400.00; (2) 1.9 hours at $400 per hour for attorney Anderson, totaling $760.00; (3) 10.0 hours at $200 per hour for attorney Steelman, totaling $2,000.00; and (4) 0.5 hours at $75 per hour for Ms. Lanfranco, for a total of $37.50.

Once the lodestar is determined by multiplying the reasonable hourly rates times the number of hours reasonably expended, the court must next consider the necessity of an adjustment for results obtained. *Norman*, 836 F.2d at 1302. If the result was excellent, then the court should compensate for all hours reasonably expended; if the result was partial or limited in its success, then the lodestar must be reduced to an amount that is not excessive. *Id*. It is improper to make a reduction

based on a simple ratio of successful issues to issues raised. *Id*.

In light of this guidance, we look to the scope of the litigation as a whole, focusing on the significance of the overall results achieved in light of the hours expended in pursuing the case. *See Parker v. Healthcare Investment Group, Inc.*, 272 F. Supp. 3d 1303, 1317 (S.D. Ala. 2017). With these considerations in mind, we find that neither a result-based enhancement nor a reduction to the lodestar amount is justified in this case.

### III.   CONCLUSION

In accordance with our discussion above, we hereby recommend that Plaintiff's Motion be **GRANTED in part** and **DENIED in part**. Plaintiff should be awarded attorneys' fees in the amount of $4,197.50.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the Honorable Robert N. Scola, United States District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

**DONE AND ORDERED** in Chambers at Miami, Florida this 4th day of May, 2018.

/s/ *Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge